UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA FLETCHER,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C15-5353-RAJ-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Jessica Fletcher proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1975.[1] She graduated from high school and attended

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

college for one year, and previously worked as a cashier, customer sales representative, machine operator, office worker, and residential rehabilitation counselor. (AR 241, 253.)

Plaintiff protectively applied for DIB and SSI on July 28, 2011, alleging disability beginning November 30, 2006.[2] (AR 200-08, 237.) Her applications were denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 132-40, 143-56.)

On April 3, 2013, ALJ Scott R. Morris held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 40-86.) On July 24, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 19-32.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 23, 2015 (AR 4-9), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked after the alleged onset date. (AR 21.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's obesity, degenerative disk disease, bilateral lower extremity neuropathy, diabetes mellitus, asthma, and gastroparesis. (AR 21-23.) Step three asks whether a claimant's impairments meet or equal a

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] At the administrative hearing, Plaintiff amended her onset date to March 1, 2010. (AR 48.)

listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 23-24.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with additional limitations: she can stand and/or walk a total of two hours in an eight-hour workday.  She cannot climb ladders, ropes, or scaffolds.  She can frequently climb ramps and stairs.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She must avoid concentrated exposure to extreme heat, humidity, and hazards.  She must avoid even moderate exposure to extreme cold and industrial-strength fumes, odors, dusts, gases, or other pulmonary irritants.  (AR 24-27.)  With that assessment, the ALJ found Plaintiff capable of performing her past relevant work as a customer service representative and data entry clerk.  (AR 28.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as agricultural sorter, mail clerk, and cashier II.  (AR 28-29.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747,

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding at step three that she did not meet a listing for asthma, (2) discounting her credibility, and (3) assessing her RFC. She asks that the ALJ's decision be reversed and her claim remanded for an award of benefits or, in the alternative, for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

### Step Three

Plaintiff argues that the ALJ erred in finding that her asthma did not meet or medically equal Listing 3.03B. The ALJ found that although Plaintiff visited emergency departments on multiple occasions due to asthma, these were not the type of hospital visits envisioned by the listing, and her treatments there were not the type of interventions required to satisfy the listing. (AR 24.)

Legal Standards

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. The Listing of Impairments (the "listings") describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1525 (1999)). If a claimant meets or equals a listing, the claimant is found disabled without further inquiry. If not, the analysis proceeds to the next steps of the evaluation.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be

established in order for claimant's impairment to meet the listing. *Tackett*, 180 F.3d at 1099. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990). The claimant's impairment must not only be one listed in Appendix 1, but must have the specific findings shown in the listing for that impairment. *Marcia v. Sullivan,* 900 F.2d 172, 175 (9th Cir. 1990).

Listing 3.03B

> Listing 3.03B addresses one way in which asthma can meet listing-level severity:
>
> Attacks (as defined in [20 C.F.R. Pt. 404, Subpart P, App. 1, §] 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B. The introductory text to Listing 3.00 defines asthma attacks as:

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00C.

Plaintiff argues that her 27 visits to the hospital complaining of shortness of breath between her alleged onset date and January 5, 2013, satisfy the frequency requirement of Listing 3.03B. Dkt. 14 at 4-7. She also notes that her hospital visits included treatment consistent with

Listing 3.00C.  Dkt. 14 at 4-6.  Thus, Plaintiff argues that she meets Listing 3.03B.[3]

The Commissioner does not dispute that the frequency of Plaintiff's hospital visits could satisfy Listing 3.03B, but argues that the type of treatment Plaintiff received there "did not rise to the level contemplated by Listing 3.00."  Dkt. 15 at 13.  Even according to Plaintiff's summary of the evidence (Dkt. 14 at 4-6), only some of the hospital treatment notes reference administration[4] of antibiotics and bronchodilators (*see, e.g.*, AR 547, 575, 678, 690, 737, 767, 776, 1382), and it is not clear whether the bronchodilators administered would be considered the type of "prolonged inhalational bronchodilator therapy" contemplated in Listing 3.00C.

The ALJ did not, however, explain how he reached the conclusion that that Plaintiff's ER visits and treatments there would not satisfy Listing 3.00C; he merely conclusorily stated this finding.  (AR 24 n.1.)  In the absence of specific ALJ findings on the issue, the Court will not supply the ALJ's rationale.  *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking").  Evidence related to Plaintiff's continued smoking may also impact the applicability of Listing 3.03B, but the ALJ did not address this factor in relation to step three.

The Court finds that the conflicting evidence with regard to whether Plaintiff meets

---

[3] Plaintiff also argues that her asthma in combination with hyperglycemia caused by her diabetes medically equal Listing 3.03B.  Dkt. 16 at 3.  She cites no medical opinion evidence to support this argument.  She also posits, without medical support, that her pulmonary embolism, although "certainly [] not really asthma," would combine with her asthma attacks to equal Listing 3.03B in 2010.  (AR 70-71, 293.)  Plaintiff has failed to present a plausible theory of equivalence, based on legally sufficient medical evidence.  *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) ("A finding of equivalence must be based on medical evidence only.  20 C.F.R. 404.1529(d)(3).").

[4] For example, some of the treatment notes mention that Plaintiff received nebulizer from emergency medical staff prior to arrival at the hospital (AR 1295, 1406, 1423, 1703).  On remand, the ALJ should address whether this type of treatment is distinguishable from the "prolonged" "therapy" contemplated in Listing 3.00C.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

Listing 3.03B precludes a remand for a finding of disability. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). On remand, the ALJ shall reconsider whether Plaintiff meets Listing 3.03B and explain why she does or does not meet the necessary requirements. The ALJ will also reconsider the credibility findings and RFC assessment as necessary.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 22, 2016**.

DATED this 7th day of January, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7